Carye **BAKER** and Douglas Baker, Plaintiffs,

v.

**TACO BELL CORP., a California corporation, and McCormick & Company, Inc., a Maryland corporation, Defendants.**

**Civ. A. No. 94–M–1695.**

United States District Court, D. Colorado.

May 12, 1995.

Order Denying Motion for Clarification June 8, 1995.

Michael B. Marion, Gregory K. Falls, Brad W. Breslau, Denver, CO, for plaintiffs.

Joel A. Kolodny, Lorraine E. Parker, Denver, CO, for defendant, Taco Bell.

## ORDER

ABRAM, United States Magistrate Judge.

The Plaintiff has filed a Motion to Compel on April 18, 1995. The Plaintiff seeks the costs of record reviews prior to depositions of treating physicians of the Plaintiff pursuant to Rule 26(b)(4)(C).

### Facts

Dr. McDowell was a plastic surgeon who examined the Plaintiff on one occasion at the request of a treating physician. Dr. Bergeron–Reddix is an otolaryngologist who treated the Plaintiff both before and after the alleged injury incident. The doctors were deposed by the Defendant. Subsequent to the depositions McDowell billed 1.5 hours as $600 for record review in preparation for the deposition. Bergeron–Reddix likewise billed $612.50. The Court further notes that the doctors charged an hourly rate for the depositions.

### Treating Physician—Ordinary Witness

The issue as to whether a treating physician is an expert pursuant to Rule 26(b)(4)(C) continues to be a problem. Treating physicians are not retained for purposes of trial. Their testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial. They are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule 26(b)(4)(C).

The Advisory Committee Notes to the 1983 amendments to Rule 26(b)(4)(A) specifi-

cally discusses the difference between a treating physician and a physician called as an expert for trial. The Committee states:

"The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are *retained* or *specially employed* to provide such testimony in the case or whose duties as an employee of a party regularly involved in giving such testimony. *A treating physician, for example, can be deposed or called to testify at trial without a written report.*" (Emphasis added) 28 U.S.C.A., Rules of Civil Procedure, 1994 Cumulative Sup., p. 8.

Two courts have recently discussed whether a treating physician is an expert or an ordinary witness.

In *Patel v. Gayes,* 984 F.2d 214, 217–18 (7th Cir.1993) two treating physicians were called to testify at trial concerning the treatment of the plaintiff. The Plaintiff then showed the physicians x-rays of Plaintiff which were not taken by the physicians or used by them in treatment of the Plaintiff. The physicians were then asked to testify as to the standard of care in the community based upon the medical treatment of the Plaintiff, the x-ray and their knowledge of treatment in the community. The Court noted that where the treating physician is an actor he or she is to be treated as an ordinary witness. The Court stated "under the Federal Rules, an expert must be identified if his personal knowledge of the case or if his knowledge was "acquired or developed in anticipation of litigation or for trial." Because the two physicians testified to a standard of care based partially on evidence outside their treatment of the Plaintiff, the court held they were experts as to their opinions on standard of care. In *Silman Custom Painting v. Aetna Life & Cas. Co.,* 990 F.2d 1063, 1068–69 (8th Cir.1993) the Court held that an assistant fire chief who did the arson investigation could testify as to his investigation and opinions based upon his investigation because he was an ordinary witness. He was not retained as an expert for purposes of trial and his opinions were based upon his personal investigation of the fire.

■ Dr. McDowell and Bergeron–Reddix are not experts but ordinary witnesses who are testifying as to their personal examination and treatment of the Plaintiff. They are not entitled to reimbursement of their deposition preparation.

### Review of Records

■ Even if the physicians were experts they would not be entitled to their time reviewing of their personal medical records in preparation for the deposition. In *Benjamin v. Gloz,* 130 F.R.D. 455 (D.Colo.1990) I held that an experts' review of his materials in preparation for a deposition was not compensable. I reaffirm the reasons given in *Benjamin* in this case. Other jurisdictions have held that the time reviewing records is not compensable. *Dominguez v. Syntex Laboratories, Inc.,* 149 F.R.D. 166, 169–70 (S.D.Ind.1993).

### Deposition Fees

■ Although the issue of a fee above a normal witness fee for a deposition is not raised by the parties, I believe the issue should be addressed.

Rule 30(a)(1) provides that an attendance of a witness may be compelled in accordance with Rule 45. Rule 45(b)(1) provides the subpoena for trial *or a deposition* shall be served along with "the fees for one day's attendance and the mileage allowed by law." 28 U.S.C.A. § 1821(b) provides for an attendance fee of $40.00 per day. The United States Supreme Court has limited assessment of costs for experts testimony at trial to the statutory per diem. *West Virginia University Hospitals Inc. v. Casey, Pa.,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Hull v. United States of America,* 978 F.2d 570, 572 (10th Cir.1992).

As previously noted, Drs. McDowell and Bergeron–Reddix are ordinary witnesses testifying to their treatment of the patient. Dr. McDowell charged $600 for 1.5 hours of travel and deposition time. Dr. Bergeron–Reddix charged $437.50 for 1.25 hours of travel and deposition time. They were only entitled to $40 and mileage as any other witness subpoenaed for a deposition.

IT IS HEREBY ORDERED that the Motion to Compel is denied.

## ORDER ON MOTION FOR CLARIFICATION

The Bakers have filed a Motion for Clarification of Court's Order Dated May 12, 1995. The plaintiffs state that "[t]reating physicians in Colorado have customarily been paid a reasonable. hourly fee for deposition and trial testimony, as reflected in Section 9.6 of the Interprofessional Code." They provide a part of a document entitled "Interprofessional Code" which is endorsed by the Colorado Bar Association, Colorado Medical Society, Denver Bar Association and Denver Medical Society. They cite Section 9.6, which states as follows:

> **An expert witness fee is owed to the physician if the subject of the testimony arises out of the individual's role or status as a physician and cannot be conditioned upon the eliciting of expert 'opinions.'**
> The premise that an expert witness fee is due only if an expert opinion is elicited from the witness is not a valid assumption. A physician who comes into possession of facts or information solely because of his or her position as a physician is entitled to receive compensation as an expert when subpoenaed to testify to those facts in court. The physician's position and status at the time he or she comes into possession of relevant information determines whether a physician should be entitled to an expert witness fee.

The Interprofessional Code is a document, which is endorsed by the professional associations and is not a code adopted by the Colorado Supreme Court or by the Colorado legislature. It is a *document* that attempts to provide some uniformity of conduct between attorneys and the medical profession. It is not a rule of law or procedure. Counsel may make their own agreements with treating physicians, which exceed the fee entitled by law.

Plaintiffs filed a Motion to require the defendant to pay witness fees for depositions. The Court must make its decision based on the law, not the side agreements of counsel.

Plaintiffs have cited no cases to support a fee other than those authorized by Rule 45(b)(1) and 28 U.S.C. § 1821(b).

Plaintiffs' counsel, in paragraph 11, gives examples of questions to be asked of Dr. McDowell. The questions enquire into Dr. McDowell's professional knowledge of physiology which he used determining the cause of the plaintiff's injuries and his use of medical textbooks in making his medical diagnosis.

An attorney does not become an expert witness just because he uses his past legal knowledge or researches the law to analyze his client's case in representing the client. The Court can assume the plaintiff's treating physicians used their medical knowledge and, if necessary, medical literature to diagnose the cause of the plaintiff's injuries, the nature of the injuries and to prescribe a medical program.

Plaintiffs state that *Patel v. Gayes,* 984 F.2d 214 (7th Cir., 1993) and *Silman Custom Painting v. Aetna Life & Cas. Co.,* 990 F.2d 1063 (8th Cir., 1993) support the requirement that defendant "pay the customary hour fees of Drs. McDowell and Hanna." Counsel do not direct the Court to any portions of the cases that support the statement. The cases do not support the argument. In *Patel,* plaintiff's counsel did not list treating physicians as experts and did not provide Rule 26(b)(2) reports. The court permitted the treating physicians to testify, but prohibited the treating physicians from rendering opinions as to the standard of care in the community as it related to the medical care provided by the defendant, Dr. Gayes. The court noted that in order for them to render an opinion, they had to take into consideration EKG information which did not come within their personal knowledge of the treatment of the patient. *Patel* supports the Court's finding that defendants are only required to pay the statutory witness fee for the treating physicians. Plaintiffs also rely upon *Silman.* In *Silman,* the Fire Chief was at both fires and testified to his investigation and conclusions as to the reason for the fires. The Court noted the Fire Chief should be treated as an "ordinary witness." The case is contrary to the plaintiffs' position.

The Court did not rule that the treating physicians could not be paid an hourly fee for the depositions if counsel agree to such a payment. The Court ruled that the treating physician is not entitled, *as a matter of law,* to a fee other than the statutory fee. The information provided by counsel to the Court does not support the treating physicians being paid as experts.

IT IS ORDERED that the Motion for Clarification of Court's Order Dated May 12, 1995, filed on behalf of the plaintiffs May 26, 1995, is denied.