Edward S. IRONS, Appellant,

v.

Jeffrey D. KARCESKI and Finnegan, Henderson, Farbow, Garrett & Dunner, Appellees.

Regents of the University of California, Intervenor.

No. 94–7231.

United States Court of Appeals, District of Columbia Circuit.

Decided Nov. 9, 1995.

Published Feb. 2, 1996.

Edward S. Irons, appearing pro se, was on the brief, for appellant.

Charles E. Lipsey, Washington, DC, entered an appearance, for appellees.

John H. Weber, Arlington, VA, entered an appearance, for intervenor.

Before: WALD, SILBERMAN and WILLIAMS, Circuit Judges.

PER CURIAM: [1]

Appellant Edward S. Irons appeals from two decisions of Magistrate Judge Robinson pertaining to his involvement as a fact witness in a civil dispute in Indianapolis, Indiana. First, Irons challenges the magistrate judge's ruling that a refusal to pay more than the statutory fact-witness fee of

---

1. The Court initially ordered, on November 9, 1995, that the decision in this case be issued as an unpublished judgment, in accordance with D.C.Cir.Rule 36(c). At the request of the appellant, however, the Court has agreed to file this opinion in published form.

$40 per day to Irons for his deposition testimony in the civil suit would not impose an undue burden on him. Second, Irons challenges as reversible error the magistrate judge's decision to allow counsel for two of the parties involved in the Indianapolis litigation to participate in a hearing addressing the deposition fee issue. We affirm the magistrate judge's rulings on both questions.

## I. BACKGROUND

Appellant Edward S. Irons is a key fact witness in *In Re Recombinant DNA Technology Patent & Contract Litigation*, MDL Docket No. 912 (S.D.Ind.) ("MDL–912"), a civil patent dispute pending in Indianapolis involving Eli Lilly ("Lilly"), Genentech, and the Regents of the University of California ("UC"). Appellee Jeffrey D. Karceski, who represents Eli Lilly in MDL–912, served Irons with a subpoena to testify at a deposition regarding his legal representation of UC from 1977–1980. At this time, Irons is not associated with any of the Indianapolis parties, and his testimony is sought solely as a fact witness.

During an exchange of correspondence following issuance of the deposition subpoena, Irons became aware that the planned deposition might last as long as three days. Believing that the statutory fact-witness fee of $40 per day, provided for in 28 U.S.C. § 1821(b), afforded inadequate compensation for the time he would have to be away from his legal practice, Irons wrote to Karceski's firm requesting compensation at his normal hourly billing rate.

Karceski's law firm thereafter sent a letter to the parties involved in the patent dispute, suggesting that each party agree (1) to compensate Irons for the proportional amount of time that party occupied during the deposition, and (2) not to raise the fact of his compensation as an issue at trial.

Later that same month, the parties involved in the Indianapolis dispute (but not Irons, who is merely a fact witness) attended a hearing before Magistrate Judge Godich in the Southern District of Indiana, during which the magistrate judge addressed the issue of compensation for fact witnesses.

Magistrate Judge Godich determined that fact witnesses, including Irons, should be compensated at the statutory rate of $40 per day. Lilly's attorney relayed news of the magistrate judge's ruling to Irons, who responded with a request that Lilly seek to have the ruling vacated and a promise to move to quash the subpoena if Lilly did not comply with that request.

Making good on his promise, Irons moved in the United States District Court for the District of Columbia to quash the subpoena. In answer to Irons' motion to quash, Karceski filed a response explaining that Lilly had no objection to Irons being paid for his time. In fact, Lilly had proposed to counsel for the other parties (Genentech and UC) that Lilly would bear the entire expense of compensating Irons at the requested rate, so long as the other parties agreed not to use the fact of Lilly's payment to impeach Irons' credibility at trial. UC, however, refused to agree to the condition. Karceski suggested, in his response motion, that Magistrate Judge Robinson issue an order requiring that the deposition go forward, stating which party or parties should compensate Irons, and prohibiting impeachment based on the compensation.

On November 2, 1994, Magistrate Judge Robinson held a hearing attended by Irons and counsel for each of the three parties involved in MDL–912. Magistrate Judge Robinson determined that Magistrate Judge Godich, in ruling that an *order* for the parties to pay more than $40 per day would be inappropriate, did not intend to preclude the parties from *voluntarily* making such arrangements. However, she declined to order that such payment be made, holding that failure to pay more than the ordinary fees would not, as Irons alleged, impose an undue burden on him. *Irons v. Karceski*, Misc. No. 94–243 (D.D.C. Nov. 2, 1994) (order denying motion to quash). Magistrate Judge Robinson's ruling leaves the parties free to make out a private arrangement for payment in excess of the statutory amount, but does not order any payment or preclude any impeachment based on the payment.

## II. DISCUSSION

Irons presents two challenges to the district court's denial of his motion to quash the subpoena. First, he claims that the subpoena imposes on him an undue burden, which Karceski took no reasonable steps to avoid, by requiring him to testify at $40 per day when he could be charging those hours at his normal billing rate. Irons alleges that imposition of this undue burden entitles him to an order under Rule 45(c)(3)(A)(iv) ("Rule 45(c)") of the Federal Rules of Civil Procedure quashing the subpoena. Second, Irons challenges Magistrate Judge Robinson's decision to allow counsel for UC and Genentech to participate in the November 2 hearing, since neither of these parties had officially intervened in the Irons/Karceski collateral fee dispute.

### A. Undue Burden

■ Irons' first challenge involves the intersection of Rule 45(c) and the statutory provision calling for the payment of $40 per day to any fact witness attending a deposition. 28 U.S.C. § 1821(b). Rule 45(c) provides that the court shall quash a subpoena which subjects a person to undue burden, FED.R.CIV.P. 45(c)(3)(A)(iv), and imposes on the party causing the subpoena to issue the duty to take "reasonable steps to avoid imposing undue burden or expense on a person ...." Id. at (c)(1).

Irons cites no authority other than Rule 45 itself for his claim that the statutory payment imposes an undue burden on him. In a strained reading of the rule, he concludes that Rule 45(c)(1)'s inclusion of "lost earnings" as possible sanctions for a party's failure to take reasonable steps to avoid imposing an undue burden demonstrates that "loss of earnings ... constitutes undue burden." Appellant's Brief at 3. In fact, the only hint the rule gives as to the meaning of "undue burden" comes by way of an illustration in the notes to the 1991 amendment, which reads: "Illustratively, it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of matters in dispute, especially if the adversary would be required to incur substantial travel burdens." FED.RULE CIV.P. 45 advisory committee's note (1991) (subdivision (c)). Clearly, the advisory committee example adds no force to Irons' claim.

■ Irons correctly states that this court will "interpret two statutes harmoniously to accomplish the intended purpose of each." Appellant's Brief at 14. However, he then states incorrectly that Rule 45(c) "simply provides for witness protection when compensation limited to a $40 per diem would impose an 'undue burden.'" Id. Irons alleges that the district court's finding that "payment of the ordinary witness fee would [not] constitute an undue burden" is clearly erroneous, but he cites absolutely no authority to back his claim. Id. at 15–16. Because the party seeking to quash a subpoena bears a heavy burden of proof, Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C.Cir.1984), and Irons has not met that burden, we affirm the district court's denial of his motion to quash.

### B. Parties to the Hearing

■ Irons' second claim, that we must reverse the magistrate judge's order because she allowed Genentech and UC to participate in the November 2 hearing, fails for at least two reasons. First, we can find no evidence in the record that Irons ever preserved this issue for appeal. In particular, the transcript of the November 2 hearing reveals no objection by Irons at the time the court heard from these nonparties. See United States v. Baucum, 66 F.3d 362, 363 (D.C.Cir. 1995) ("[T]he court of appeals is not a forum in which a litigant can present legal theories that it neglected to raise in a timely manner in proceedings below.").

■ Second, in light of the magistrate judge's determination that Irons has no entitlement to any compensation over and above the $40 statutory per diem, we find that her decision to hear from UC and Genentech in no way injured Irons. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) ("[T]he plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest....."). As we understand the argu-

ment, Irons claims that *but for* UC's involvement in the negotiations, which preceded the hearing, Lilly would have agreed to compensate Irons as requested. Even assuming the truth of Irons' claim, this argument does not establish injury or redressability. By the time of the hearing before Magistrate Judge Robinson, Lilly had already declared that it was unwilling to compensate Irons unless the court issued an order that it do so. There is no indication whatsoever in the record that the court *would have* issued that order if UC had been excluded from the hearing. In fact, the magistrate judge's express finding that the $40 fee would *not* constitute an undue burden points decisively to the contrary conclusion. Since UC's presence at the hearing caused Irons no injury-in-fact, we find that the appellant lacks Article III standing to raise this complaint. *See id.*

For the foregoing reasons, the district court's order is

*Affirmed.*