United States Court of Appeals,

Eleventh Circuit.

No. 94-9175.

Roger Dale MORRISON, Sr., and Linda S. Morrison, Plaintiffs-Appellants,

v.

REICHHOLD CHEMICALS, INC., Defendant, Third-Party Plaintiff, Appellee,

Goodyear Tire and Rubber Company and Industrial Rubber and Safety Products, Incorporated, Third-Party Defendants.

Oct. 10, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 4:91-cv-229-RLA), Robert L. Vining, Jr., District Judge.

Before HATCHETT, Chief Judge, BIRCH, Circuit Judge, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Among various challenged trial errors and costs rulings by the district court, this appeal presents the first-impression issue for our circuit of whether video depositions are taxable as costs under 28 U.S.C. § 1920(2) and Federal Rule of Civil Procedure 30(b)(2) and (3) without such a stipulation by the parties. We affirm all rulings by the district court with the exception of the taxation of costs for expert witness fees, which we reverse, and video depositions, which we reverse in part and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiffs-appellants, Roger Dale Morrison, Sr. and Linda S. Morrison ("the Morrisons"), brought this action for negligence against defendant-appellee, Reichhold Chemicals, Inc. ("Reichhold")

and sought damages for injuries that Linda Morrison allegedly suffered as a result of exposure to fumes resulting from a chemical explosion and fire at the Reichhold Chemical plant in Walker County, Georgia on July 14, 1991, and for Roger Morrison's loss of consortium. For the purpose of the trial, Reichhold stipulated that it would concede negligence if the jury found that Linda Morrison had been injured and that her injury was a result of exposure to chemicals from the Reichhold fire. Following a nine-day trial, the jury rendered a verdict for Reichhold and found in a special interrogatory that Linda Morrison had not been exposed to any product of Reichhold.

The Morrisons filed a motion for a judgment notwithstanding the verdict and, alternatively, for a new trial. Reichhold filed a motion for taxation of costs against the Morrisons. The district court entered an order that denied the Morrisons' motion and taxed costs in the amount of $8,282.10 in favor of Reichhold. The Morrisons claim that the district court committed four errors in the course of the trial that require a reversal by this court: (1) that the district court erred in refusing to allow their toxicology expert, Jesse Bidanset, to testify; (2) that the district court abused its discretion and created confusion for the jury in admitting Linda Morrison's complete set of medical records into evidence; (3) that the district court erred in its instruction regarding preponderance of the evidence; and (4) that the trial court erred in failing to modify its instruction on the admission of negligence by Reichhold and the use of circumstantial evidence to prove exposure. We find no merit to the Morrisons' challenge of

the court's evidentiary rulings and charge to the jury, and we affirm without discussion the court's denial of their motion for a judgment notwithstanding the verdict or for a new trial.

## II. ANALYSIS

The Morrisons appeal the district court's grant of Reichhold's post-trial motion for the taxation of costs. The Morrisons specifically object to the trial court's award of $2,208.20 to Reichhold in expert witness fees and $1,168.80 to Reichhold for the videotaping of several depositions.[1] We review a district court's decision to tax costs for clear abuse of discretion. *Tanker Management, Inc. v. Brunson,* 918 F.2d 1524, 1527 (11th Cir.1990).

A. *Expert Witness Fees*

With regard to expert witness fees, Reichhold sought reimbursement for the fees charged by the Morrisons' experts, Dr. David Bosshardt, Dr. Yune-Gill Jeong, and Mr. Neal Pascal, to appear at video depositions noticed by the Morrisons and attended

---

[1]In the district court, the Morrisons raised additional objections to Reichhold's motion to tax costs. The Morrisons originally objected to Reichhold's motion as procedurally defective because it was not verified with an affidavit as required by 28 U.S.C. § 1924. Reichhold conceded to the district court that its original motion was not in compliance with § 1924 but argued that it was entitled to supplement its motion after the filing deadline in order to comply with the verification requirement. The district court allowed Reichhold to supplement the verification and considered the merits of the bill of costs. The Morrisons also objected to various other depositions and copying costs as excessive, and the district court, upon review of the depositions, allowed the costs sought by Reichhold. Because the Morrisons do not raise either of these issues on appeal, we do not address the merits here.

by counsel for Reichhold.[2]  The expert fees charged to Reichhold for depositions were:  Dr. Bosshardt, $225.00;  Dr. Jeong, $833.20; and Mr. Pascal, $1,150.00.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1).  A witness who appears before a federal court "or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States" is entitled to fees and allowances, including "an attendance fee of $40 per day for each day's attendance."  28 U.S.C. § 1821(a)(1) & (b) (West 1996). Section 1920 of title 28 provides that "[a] judge or clerk of any court of the United States may tax as costs ... [f]ees and disbursements for printing and witnesses."  28 U.S.C. § 1920(3) (West 1996).  "The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that a fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987).

In *Crawford,* the Supreme Court held that, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b),

---

[2]Although Dr. Bosshardt and Dr. Jeong were listed as experts by the Morrisons, they also were treating physicians of Linda Morrison.  Mr. Pascal was plaintiff's expert in meteorology.

absent contract or explicit statutory authority to the contrary." *Id.* at 439, 107 S.Ct. at 2496. The district court attempted to distinguish the holding in *Crawford* from this case by noting that in *Crawford,*

> the Court did not decide whether a losing party could be required to pay the fee charged by his expert witnesses when they were deposed by the winning party. Although this court recognizes that there is language in *Crawford Fitting* which indicates that no fee other than the $40 witness fee permitted by 28 U.S.C. § 1821 would be allowable, this court also believes that such an interpretation would be contrary to fair play and common sense.
>
> Technically, an expert identified by one party and deposed by the other party is entitled to [a] fee of only $40 per day. However, that is not how the modern, real world operates. It is a common practice for an expert to charge considerably more than $40 per day for his testimony.... Recognizing that a party is virtually held hostage to the fee charged by the opposing party's experts, this court holds that the winning party is entitled to reimbursement for the fees charged by the losing party's expert witnesses.

R14-130-6-7. Although we appreciate the district court's frustration with the disparity between economic reality and statutory imperative, we cannot ignore the Supreme Court's direct statements to the contrary:

> We think that it is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants' witnesses. This conclusion is all the more compelling when we consider that § 1920(6) allows the taxation, as a cost, of the compensation of court-appointed expert witnesses. There is no provision that sets a limit on the compensation for court-appointed expert witnesses in the way that § 1821(b) sets a limit for litigants' witnesses. It is therefore clear that when Congress meant to set a limit on fees, it knew how to do so. *We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed.* The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920.

*Crawford,* 482 U.S. at 442, 107 S.Ct. at 2497-98 (emphasis added).

Therefore, we find that the district court erred in taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821, and, upon remand, the district court should reduce the taxable costs accordingly.

B. *Videography*

The Morrisons object to the district court's taxation of the cost of the video depositions of their experts, Dr. Jeong, Dr. Bosshardt, and Dr. Garretson, and the registered nurse, Billie Precise, who treated Linda Morrison in the emergency room on the night of the Reichhold fire.  The Morrisons noticed the depositions of Dr. Jeong, Dr. Bosshardt, and Dr. Garretson.  The video deposition of Billie Precise, however, was taken by Reichhold, which seeks reimbursement of the costs of obtaining copies of the video tapes of these depositions as well as $1,090.42 for the cost of the videographer, who displayed the videos at the trial.  The Morrisons argue that these costs were incurred for the convenience of the parties and are not items that are taxable as costs against the losing party.

During the discovery period, the parties filed a stipulation that, pursuant to Federal Rule of Civil Procedure 29, [3] the depositions of any and all treating physicians could be videotaped for use in evidence at trial.  The parties also stipulated that, "[i]n the event any other depositions are taken for evidence in

_____

[3]Federal Rule of Civil Procedure 29 provides in relevant part that, "[u]nless otherwise directed by the court, the parties may by written stipulation (1) provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions...."  Fed.R.Civ.P. 29(1).

this case, by Plaintiffs, provisions of this Stipulation shall apply, and such deposition may be video-taped in accordance with the terms and provisions hereof." R11-94-1. Finally, the parties stipulated that "[a]ll of the costs of the video-taping shall be borne by Plaintiffs, and shall not be taxed as costs against Defendant," and that Reichhold could copy the videotapes at its own expense. *Id.* at 3. However, the parties neither stipulated that the cost of any copies made by Reichhold would not be taxable as costs, nor that the cost of any videotaping conducted by Reichhold would not be taxed to the Morrisons. Therefore, we must address the issue of whether, absent a stipulation to the contrary, video depositions are taxable as costs under the United States Code and Federal Rules of Civil Procedure.

The Morrisons claim that § 1920 excludes video depositions as a taxable cost because it mentions only stenographic depositions. The district court rejected this argument and stated that,

> even though 28 U.S.C. § 1920 speaks only of "stenographic" transcription costs, the court believes that the costs of video depositions are encompassed by that code section. Video depositions were virtually unknown at the time that section 1920 was adopted, and this court does not believe that a party should be penalized because he has chosen to preserve and present testimony through video as opposed to a printed transcript. Consequently, the court will allow these costs.

R14-130-6. We conclude that the most logical resolution of this issue is to interpret § 1920(2) in conjunction with Federal Rule of Civil Procedure 30(b)(2) and (3). Section 1920(2) permits the taxing of costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (West 1996). Under Federal Rule of Civil Procedure 30(b)(2) and (3):

(2) The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means.

(3) With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders.

Fed.R.Civ.P. 30(b)(2) and (3) (West 1996).[4] Reading these two provisions together, we hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised

_____

[4]Prior to the 1993 amendments, Federal Rule of Civil Procedure 30(b)(4) provided that the parties could stipulate that the testimony at a deposition be recorded by other than stenographic means but that "[a] party may arrange to have a stenographic transcription made *at the party's own expense.*" (emphasis added). One federal court summarized the changes to the rules as follows:

> Rule 30(b)(2) is the current provision authorizing the taking of depositions by other than stenographic means, and it states that "[a]ny party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means." Conspicuously absent is the phrase "at the party's own expense." The court notes that the revised rules contain an express requirement that a party who has noticed a deposition to be taken by other than stenographic means must provide a transcript to opposing parties as part of its discovery obligations. Fed.R.Civ.P. 26(a)(3)(B). That party must also provide a transcript if the video deposition is to be offered as evidence at trial or upon a dispositive motion. Fed.R.Civ.P. 32(c). Thus, under the revised rules, it is clear that a transcript of a videotape deposition is not for the "convenience of counsel," but rather is an express obligation.

*Garonzik v. Whitman Diner,* 910 F.Supp. 167, 171-72 (D.N.J.1995) (alteration in original).

at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c),[5] it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.

We recognize that, although our insistence on strict adherence to the language of §§ 1821 and 1920(3) with regard to the taxation of expert witness fees may seem to contradict our less literal interpretation of the phrase "stenographic" in § 1920(2), we have attempted to remain consistent in our method of statutory interpretation. In the case of expert witness fees, the Supreme Court has offered a clear interpretation of the statute that controls our decision. The Supreme Court has yet to address the topic of videotaped depositions. When viewed in light of the Federal Rules of Civil Procedure, which allow depositions to be recorded in any number of ways, the most logical conclusion is that "a videotaped deposition is more appropriately taxed as is any

---

[5]Federal Rule of Civil Procedure 26(c) provides in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, ... the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> ....
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery....

Fed.R.Civ.P. 26(c)(3). The district court's decision to grant or deny a Rule 26(c) objection becomes the final determination of the method of recordation of the deposition that is taxable.

other deposition expense." *Jamison v. Cooper,* 111 F.R.D. 350, 352 (N.D.Ga.1986); *see Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1368 (7th Cir.1990) (stating that "[v]ideotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advanced court technology and over-crowded court calendars. We must not seem reluctant to adopt any and all time-saving methods that serve to improve our system of justice").

In this case, however, our determination that the taxation for the cost of video depositions is allowable under § 1920 does not end our analysis. We must decide whether the copies of the videos obtained by Reichhold were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Reichhold has offered no explanation of why it was necessary to obtain a copy of the video tapes for use in the case. Because the record is inadequate to resolve this issue, we remand the case to the district court for further findings on the necessity of the video copying costs that Reichhold contends are taxable. We find adequate support in the record for the necessity of deposing Billie Precise, but we have found no evidence that Reichhold noticed her deposition to be videotaped rather than transcribed. It is necessary, therefore, to remand this portion of the case to the district court to allow Reichhold to present evidence that it noticed Precise's deposition as a video deposition. Otherwise, Reichhold will be entitled only to costs, upon proper proof, in the amount of the cost of a stenographic transcript.

With regard to the fee charged by the videographer, it

appears from the invoices attached to Reichhold's motion to tax costs that a large portion of the $1,090.42 requested was for video playback equipment rental. We find nothing in § 1920, the Federal Rules of Civil Procedure, or case law to support the taxation of costs for equipment rental or fees charged by a videographer for playback of video depositions at trial. Therefore, we reverse the district court's taxation of $1,090.42 for the videography costs during trial.

## III. CONCLUSION

The Morrisons have challenged the district court's trial and costs rulings. We conclude that the district court's evidentiary rulings and jury charge were correct. Our review, however, establishes that the district court erred in its taxation of costs for expert witness fees in excess of the statutory amount of $40 per day. We also conclude that, although the district court was correct in its determination that costs of video depositions are taxable under § 1920(2), it is necessary to remand the case for a determination of whether the costs incurred by Reichhold with regard to video deposition tapes were "necessarily obtained for use in the case" and whether the deposition of Billie Precise was noticed properly. Accordingly, we remand with instructions to reduce the taxation of expert witness fees to the statutory amount, to vacate the taxation of the videography costs during trial, to determine whether it was necessary for Reichhold to obtain copies of the video depositions of Dr. Jeong, Dr. Bosshardt, and Dr. Garretson, to determine whether Billie Precise's deposition was noticed as a video deposition, and to tax the appropriate costs.

AFFIRMED in part, REVERSED in part, and REMANDED.