**Beverly M. FISHER, et al., Plaintiffs,**

**v.**

**FORD MOTOR COMPANY, Defendant.**

**No. 3:97CV7070.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 26, 1998.

Dennis R. Lansdowne, Spangenberg, Shibley, Lancione & Liber, Cleveland, OH, William M. Connelly, Steven P. Collier, Connelly, Soutar & Jackson, Toledo, OH, for Plaintiffs.

Elizabeth B. Wright, Dena Marie Kobasic, Thompson, Hine & Flory, Cleveland, OH, for Defendants.

## Order

CARR, District Judge.

This is a products liability case in which plaintiffs claim that their injuries resulted from defective deployment of an airbag manufactured by defendant. Because the parties are diverse, and the amount in controversy exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Pending is a motion by the defendant Ford Motor Company to compel three physicians who treated plaintiff Beverly Fisher for her injuries to appear for depositions at an hourly rate of $250 (Doc. 22). Defendant's motion shall be granted, except that the physicians shall appear at the statutory rate of $40 per day plus mileage, rather than at a rate of $250 per hour, as requested by Ford.

### Background

Plaintiff Beverly Fisher claims to have been injured severely due to a malfunction of her car's airbag. Defendant Ford has served subpoenas on three physicians who provided medical treatment to Mrs. Fisher. The subpoenas direct each of the physicians to appear, give testimony, and produce all documents concerning "any treatment or care given to Beverly Fisher ... from November 29, 1996 to date." (Doc. 22, Ex. A).

Each doctor has refused to appear without prior payment of a substantial fee for preparing for and attending the deposition. Dr. Duane Gainsburg has demanded $1,200 for the first hour of testimony, and $275 for the second hour. Dr. Thomas O'Hara seeks $450 per hour, with a minimum payment of $1,800. Dr. Om Sharma wants $500 for the first hour (which includes preparation time) and $250 for each additional hour.

On January 15, 1998, Ford, alleging that the fees being demanded by the doctors are exorbitant, moved to compel the physicians to be deposed at a reduced fee of $250 per hour. I issued an order to plaintiffs and the physicians to show cause why Ford's motion should not be granted. Plaintiffs and Dr. O'Hara formally responded to my order. (Docs. 29, 30). Dr. Sharma sent a letter stating that the $500 fee for his first hour includes preparation time. He is willing to

charge his time at $250 per hour, but to include as separate hours the preparation time. Dr. Gainsburg has not replied to my order.

### Discussion

 Ford's motion relies on Fed. R.Civ.P. 26(b)(4)(C), which permits experts to be paid a "reasonable fee" for the time spent responding to discovery requests. Rule 26(b)(4)(C) is, however, irrelevant where the proposed deponents are treating physicians, rather than experts. The compensation of treating physicians is controlled by Fed.R.Civ.P. 30(a), Fed.R.Civ.P. 45(b)(1), and 28 U.S.C. § 1821. These provisions, when read together, provide that deponents are permitted only a $40 per diem fee for attendance, plus mileage expenses. None of the briefs relating to defendant's motion discusses Rule 30(a), Rule 45(b)(1) or § 1821 and their application to this case.

Pursuant to Fed.R.Civ.P. 30(a), a witness's attendance at a deposition "may be compelled by subpoena as provided in Rule 45." Fed.R.Civ.P. 45(b)(1) states that "[s]ervice of a subpoena ... shall be made by delivering a copy thereof to such person, and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." Pursuant to 28 U.S.C. § 1821(b), the current attendance fee is $40 per day, plus mileage. Section 1821, as the Supreme Court has made clear, *Hurtado v. United States,* 410 U.S. 578, 587 n. 7, 93 S.Ct. 1157, 1163 n. 7, 35 L.Ed.2d 508 (1973), is not designed to compensate witnesses fully for their lost time and income.

Fed.R.Civ.P. 26(b)(4)(C) permits expert witnesses, because of their special expertise and the fact that they have been retained in anticipation of litigation, to be paid "reasonable fees" for their deposition testimony. The Advisory Committee Notes to Fed. R.Civ.P. 26(b)(4)(C) point out, however, that a witness who "was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit ... should be treated as an ordinary witness."

 Courts consistently have found that treating physicians are not expert witnesses merely by virtue of their expertise in their respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may they be deemed experts. *Compare Patel v. Gayes,* 984 F.2d 214 (7th Cir.1993) (treating physicians considered experts because they were planning to testify on the basis of information that did not come from their personal knowledge of the treatment of the plaintiff patient), *with Salas v. United States,* 165 F.R.D. 31 (W.D.N.Y.1995) (five doctors called to testify about their treatment of the plaintiff were not experts, and therefore not subject to the more extensive expert witness requirements of Fed. R.Civ.P. 26(A)(2)(B)) *and Sipes v. United States,* 111 F.R.D. 59 (S.D.Cal.1986) (treating physician not an expert where information and opinions were obtained through care and treatment of plaintiff).

Because treating physicians are not generally considered to be expert witnesses, they cannot rely on Fed.R.Civ.P. 26(b)(4)(C) to claim that they are entitled to more than other witnesses would receive for their attendance and testimony. Thus, in *Mangla v. University of Rochester,* 168 F.R.D. 137 (W.D.N.Y.1996), a defendant sought to depose a physician who had treated the plaintiff. The doctor filed a motion to quash the subpoena or, in the alternative, to order the defendant to compensate him at his normal billing rate for the time spent preparing for and attending the deposition.

The defendant did not rebut the plaintiff's assertion that it wanted the doctor's testimony only as to his examination, treatment, and diagnosis of the plaintiff. The court, finding that the doctor was an ordinary witness under the Federal Rules of Civil Procedure, held he was "entitled to $40.00 per day plus mileage and not his hourly billing rate." *Id.* at 139. The court further stated that, despite the doctor's claims that the deposition would result in an undue financial burden, he would "suffer no more inconvenience than many other citizens called forward to be deposed or testify as a trial witness in a

matter in which they have first hand factual knowledge." *Id.* at 140.

In *Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D.Colo.1995), the court reached the same conclusion, although in *Baker* the prevailing plaintiffs were seeking reimbursement for the costs charged by treating physicians to review records prior to their depositions. One doctor had billed $600 for 1.5 hours travel and deposition time, while another had billed $437.50 for 1.25 hours travel and deposition time. Noting that "[c]ounsel may make their own agreements with treating physicians, which exceed the fee entitled by law," *id.* at 351, the court nonetheless stated that, as ordinary witnesses testifying about plaintiff's treatment, the doctors were entitled to only $40 per diem and mileage—just like "any other witness subpoenaed for a deposition." *Id.* at 350.

The District of Columbia Circuit also recently addressed the statutory minimum in *Irons v. Karceski*, 74 F.3d 1262 (D.C.Cir. 1996), in which an attorney-fact witness appealed a district court ruling that he was entitled to only $40 per day. The appeals court affirmed the lower court's ruling, finding that the attorney's loss of the earnings did not cause the statutory fee to be unduly burdensome. *Id.* at 1264.

There are some cases in which treating physicians have been compensated beyond the statutory minimum for deposition testimony and preparation time. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (11th Cir.1996); *Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222 (S.D.Iowa 1994); *Pierce v. Nelson*, 509 N.W.2d 471 (Iowa 1993); *Morris v. Carnathan*, 63 F.R.D. 374 (D.C.Miss.1974). These cases have, however, involved taxation of costs after a treating physician has already been compensated above the statutory minimum for his deposition, *see Morrison*, 97 F.3d 460, 462 n. 3 (allowing taxation of only $40 statutory fee despite fact that prevailing party had agreed to pay expert witnesses, who were also treating physicians, more than the statutory fee) and *Carnathan*, 63 F.R.D. at 378 (same), or testimony by the treating physician in an expert capacity. *See Morrison, supra;*

*Hose*, 154 F.R.D. at 225; *Pierce*, 509 N.W.2d at 474. Further, even though in *Hose* and *Pierce* more than the statutory minimum was paid to the examining doctors, they received less than the fees that they had sought. This reduction was based on their status as treating physicians, with the court stating in *Pierce* that "[w]hen knowledge gained in [the doctor-patient] relationship bears on an issue in controversy, the treating physician assumes the obligation borne by all citizens to give relevant testimony." *Id.*

In this case, there is no dispute that the physicians are being called to testify as to their care and treatment of Mrs. Fisher's injuries. Dr. O'Hara, the only physician who formally responded to my show cause order, clearly states that he does not wish to be considered an expert witness, and that his testimony is only relevant insofar as he treated Fisher for her alleged injuries. (Doc. 29). As fact witnesses, the three physicians have potentially relevant and necessary information, and are not entitled to charge a fee above the statutory minimum for their testimony. Even if Ford were to agree to pay the doctors more than the $40 statutory minimum, it could not recover any such excess as costs in the event that it prevailed at trial. *Morrison, supra; Carnathan, supra. See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987) ("when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary").

Ford asserts that it seeks the physicians' testimony as to the treatment they provided Mrs. Fisher, which includes any examinations, diagnoses, treatment, and follow-up care. This assertion has not been challenged. Unlike expert witnesses retained primarily to conduct a consultative examination and render an opinion, these physicians were "actors" or "viewers," *see* Fed.R.Civ.P. 26(b)(4), Advisory Committee Notes, with respect to plaintiff's injuries, and should be treated like any other witnesses.

I conclude, accordingly, that, pursuant to Fed.R.Civ.P. 45(b)(1) and 28 U.S.C. § 1821,

Drs. Gainsburg, O'Hara, and Sharma are conventional fact witnesses who, like all fact witnesses with potentially relevant and necessary information, are entitled to $40 per day plus mileage for their attendance at depositions. They must, therefore, appear for depositions at the statutory rate of compensation, and are not entitled to resist compliance with the command of the subpoena on the basis that they are losing income when they do so.

 This result will no doubt seem unfair to Mrs. Fisher's doctors. The income they will lose, especially if the nature of their practice is such that they are frequently called on to be deposed, will be substantial. But $40 per day will never fully compensate anyone who works for an hourly wage, regardless of pay scale. The law nonetheless imposes an obligation on all witnesses to provide their testimony. No exceptions are made for hardship, inconvenience, unfairness, or professional status.

## Conclusion

In accordance with the foregoing, it is hereby

**ORDERED THAT** Ford's motion to compel (Doc. 22), be, and same hereby is, granted, subject to tender to the deponents of the statutory witness fee of $40 per day plus mileage.

**So ordered.**