Hileen P. SALAS, Plaintiff,

v.

**UNITED STATES of America.**

No. 94–CV–62H.

United States District Court,
W.D. New York.

Dec. 7, 1995.

**32**

Daniel R. Metschl, DiNardo, DiNardo & Lukasik, P.C., Buffalo, NY, for Plaintiff.

Patrick H. Nemoyer, United States Attorney, Mary K. Roach, Assistant United States Attorney, of counsel, Buffalo, NY, for Government.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented pursuant to 28 U.S.C. § 636(c) to have the undersigned conduct all further proceedings in this case, including entry of judgement. Defendant has moved for an order directing plaintiff to comply with the requirements for pretrial disclosure of expert testimony set forth in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure with respect to her treating physicians who are expected to testify at trial. For the reasons that follow, defendant's motion is denied.

### BACKGROUND

This action was filed on January 26, 1994 under the Federal Tort Claims Act ("FTCA"), alleging personal injury and property damage arising out of an automobile accident that occurred on November 30, 1991 on Ellicott Street in Buffalo, New York. During the course of discovery, several issues arose with respect to pretrial disclosure of expert witness information, and the government filed various motions to compel plaintiff to comply with the requirements of Rule 26(a)(2)(B). Most of the issues raised in the motions have been resolved as a result of several pretrial conferences and court orders. However, the parties have not been able to reach agreement with respect to whether the disclosure requirements of Rule 26(a)(2)(B) apply to plaintiff's treating physicians who have been identified as trial witnesses. The court therefore directed briefing and argument on this issue.

In her brief, plaintiff identified the following treating physicians as witnesses expected to be called at trial:

1. Lester Sielski, M.D., general practitioner;

2. Robin Lazar–Miller, M.D., neuropsychiatrist;

3. Marcel A. Mostert, M.D., psychiatrist;

4. Jeffrey Lezynski, M.A., C.C.A., auditory specialist; and,

5. Richard J. O'Connor, O.D., eye specialist.[1]

(Item 19, pp. 6–8). Plaintiff claims that each of these witnesses "is a 'viewer' and an 'actor' who will testify as to the care and treatment rendered to the plaintiff" (*id.*), and that each will testify "as to his/her opinion with respect to the injuries or illnesses sustained as they causally relate to this incident and his/her opinion as to permanency" (*id.*, p. 6). According to plaintiff, the government has been provided with reports and/or medical records setting forth the basis for the findings made by each treating physician.

The government contends that the treating physicians' proposed testimony with respect to their opinions on causation and permanency extends beyond the scope of the care and treatment rendered to plaintiff, making those witnesses subject to the more extensive expert witness disclosure requirements set forth in Fed.R.Civ.P. 26(a)(2)(B).

### DISCUSSION

Fed.R.Civ.P. 26(a)(2) provides, in relevant part:

---

1. In her response, plaintiff identified Drs. Ralph Benedict and Michael L. Raulin as two additional treating physicians expected to be called as trial witnesses. At oral argument on November 2, 1995, plaintiff's attorney agreed to provide supplemental disclosure with respect to these two witnesses, in accordance with the requirements of Rule 26(a)(2)(B).

**(A)** ... [A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in a case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2) (as amended effective December 1, 1993).

■ The plain language of this rule only requires a written report for a witness retained or specially employed to provide expert testimony in the case, or whose duties as a party's employee regularly involve the giving of expert testimony. As explained in the Advisory Committee Notes, this language excludes treating physicians: "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed.R.Civ.P. 26(a)(2), Advisory Committee's Notes, 1993 amendment. Thus, to the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not considered to be a "specially employed" expert and is not subject to the written report requirements of Rule 26(a)(2)(B), "notwithstanding that the witness may offer opinion testimony under [the Federal Rules of Evidence]." *Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan.1995). However,

when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B).

In this case, plaintiff plans to ask the treating physicians identified above whether the injuries for which they treated the plaintiff can be causally related to the accident. Defendant argues that this type of questioning crosses the line into the category of the "specially employed" expert, triggering the report provisions of Rule 26(a)(2)(B).

■ I disagree. The relevant question is whether these treating physicians acquired their opinions as to the cause of the plaintiff's injuries directly through their treatment of the plaintiff. *Patel v. Gayes,* 984 F.2d 214, 218 (7th Cir.1993). If so, then they must be treated as treating physicians, who can be deposed under the amendments to Rule 26 but who cannot be forced to file the written report required by Rule 26(a)(2)(B).

■ As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries. In this case, there is no indication that these treating physicians reviewed any medical records other than those involved in their care and treatment of the patient. Plaintiff is not asking these doctors to comment upon or review the opinions of other doctors. Each of these physicians in fact treated the plaintiff in the area of their specialty. Accordingly, questioning these physicians as to whether the injuries for which they treated the plaintiff can be causally related to the accident would appear to be within the scope of the patient's care and treatment.

The majority of courts that have considered this issue since Rule 26 was amended agree with this analysis. *See, e.g., Wreath v. United States, Supra,* 161 F.R.D. at 450 ("The determining issue is the scope of the proposed testimony"); *Baker v. Taco Bell Corp.,* 163 F.R.D. 348; (D.Colo.1995) (opinions of treating physicians as to the cause of an injury based on their examination of the patient "are a necessary part of the treat-

**34**

ment of the patient."); *Harlow v. Eli Lilly & Co.,* 1995 WL 319728 (N.D.Ill. May 25, 1995) (treating physician who will establish causal link between exposure to DES and reproductive difficulties is exempt from requirements of Rule 26(a)(2)(B)). This is also consistent with caselaw prior to amendment of the rule. *See, e.g., McReynolds v. Bigler,* 1990 WL 129454 (D.Kan.1990) (testimony by treating physicians as to the cause of plaintiff's condition is within the scope of the treatment, since the type, location and difficulty of the surgery performed by the treating physician necessarily depended on what he perceived as the cause of plaintiff's condition).

Defendant relies on *Widhelm v. Wal–Mart Stores, Inc.,* 162 F.R.D. 591 (D.Neb.1995), to support a contrary conclusion. In that case, the court refused to permit treating physicians to testify about plaintiff's permanent disability rating or the causation of injuries. To the extent that this case is inconsistent with the analysis and cases cited above, this court refuses to follow it.

In sum, plaintiff's plan to elicit testimony from the treating physicians identified above as to causation does not bring those witnesses within the strict disclosure requirements of Rule 26(a)(2)(B). In addition, defense counsel has been advised of the nature and substance of the witnesses' opinions on causation, and has also been given the medical records generated by these physicians. The government is free to depose the treating physicians if further discovery is desired.

### CONCLUSION

For the foregoing reasons, the government's motion (Item 13)[2] is denied without prejudice.

**SO ORDERED.**

---

**2.** The Clerk's docket in this case indicates the pendency of several motions filed by the government (Items 11, 13 & 14). As explained in the text of this decision and order, the various discovery issues raised in those motions have been resolved, and with the issuance of this decision and order, all pending motions have been decided.