**Jagdish C. MANGLA, M.D., Plaintiff,**

**v.**

**The UNIVERSITY OF ROCHESTER, Strong Memorial Hospital, The Long Term Disability Plan for Faculty and Staff of the University of Rochester, B.E. Donbaugh as Plan Administrator, Teachers Insurance and Annuity Association, Monroe Community Hospital, The County of Monroe, Jeanine Kircher–Arden, Marshall A. Lichtman, M.D., Robert J. Joynt, M.D. and Michael D. Norris, Defendants.**

No. 94–CV–6079T.

United States District Court, W.D. New York.

July 10, 1996.

Kenneth I. Albert, Rochester, NY, for plaintiff.

Jeffrey M. Wilkens, Osborn, Reed, Burke and Tobin LLP, Rochester, NY, for University of Rochester, Strong Memorial Hospital, The Long Term Disability Plan for Faculty and Staff of the University of Rochester, B.E. Donbaugh, as Plan Administrator, Monroe Community Hospital, The County of Monroe, Jeanine Kircher–Arden, Marshall A. Lichtman, M.D., and Robert J. Joynt, M.D.

Paul L. Leclair, Michael R. Wolford & Associates, Rochester, NY, for Teachers Insurance and Annuity Association.

Roger W. Avery, Rochester, NY, for Michael D. Norris.

Alexander Geiger, Geiger & Rothenberg, Rochester, NY, for movant.

## DECISION and ORDER

FELDMAN, United States Magistrate Judge.

Pursuant to 28 U.S.C. sections 636(b)(1)(A) and (B) the Honorable Michael A. Telesca

referred this matter to the undersigned by an order dated May 15, 1996. Third-party witness, Michael R. Privitera, M.D., moves to quash a subpoena issued by Defendant, Teachers Insurance and Annuity Association ("TIAA"). In the alternative Dr. Privitera moves the Court to require TIAA to pay his costs and expenses in excess of the statutory fee.

## RELEVANT FACTS

Plaintiff, Jagdish Mangla, M.D., alleges in his second amended complaint that, *inter alia*, the commencement date of his total disability is incorrectly recorded. Plaintiff argues that his disability started on March 22, 1989, not, November 8, 1988 as TIAA contends. The latter date would entitle Dr. Mangla to collect increased benefits due to a policy change effective January 1, 1989. Dr. Michael Privitera treated Dr. Mangla during the relevant period and originally submitted information claiming that Dr. Mangla's disability began November 8, 1988. Dr. Privitera later revised his opinion to indicate that Dr. Mangla's disability commenced on March 22, 1989. TIAA subpoenaed Dr. Privitera to answer questions at deposition about "factual knowledge he may have regarding his past examination, treatment and diagnosis of Plaintiff Dr. Mangla".

## DISCUSSION

### A. *Treating Physician Issue*

Rule 45(c)(3)(B) of the Federal Rules of Civil Procedure allows the court to modify or quash a subpoena that requires disclosure by an expert witness. Treating physicians, however, testifying to their personal consultation with a patient are not considered expert witnesses pursuant to Fed. R.Civ.P. 26(b)(4)(C). *Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D.Colo.1995) (holding that two doctors who treated an accident victim were ordinary witnesses testifying as to their personal treatment of the patient). *See also Salas v. United States*, 165 F.R.D. 31 (W.D.N.Y.1995) (holding that five doctors called to testify regarding their treatment and "opinions with respect to the injuries or illnesses sustained as they causally relate to this incident and his/her opinion as to perma-

nency" were not subject to the more extensive expert witness requirements of Fed. R.Civ.P. 26(a)(2)(B)). Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physicians personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources. *Baker*, 163 F.R.D. at 349. Moreover, as the court observed in *Baker*, merely because treating physicians may be asked at a deposition to offer opinions based on their examination of a patient, "does not mean that treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts". *Id.* at 349.

TIAA contends that they seek testimony from Dr. Privitera only as to his examination, treatment, and diagnosis of Dr. Mangla. The Court acknowledges that parties may not attempt to subpoena a treating physician and ask him questions beyond the scope of his treatment in an effort to avoid paying reasonable expert fees. Dr. Privitera offers no evidence to suggest that this is the case here. Given the nature of the underlying cause of action, TIAA justifiably is interested in asking Dr. Privitera what factors caused him to revise his diagnosis. To the extent TIAA questions Dr. Privitera regarding his own care and treatment of Dr. Mangla, Privitera must be considered an ordinary witness under the Federal Rules of Civil Procedure.

### B. *Fee Issue*

Witnesses are entitled to an attendance fee and mileage pursuant to Fed. R.Civ.P. 45(b)(1). Since Dr. Privitera is not being deposed as an expert retained for trial, he is entitled to $40 per day plus mileage and not his hourly billing rate. *See* 28 U.S.C. § 1821(b); *Baker*, 163 F.R.D. at 350. *See also Irons v. Karceski*, 74 F.3d 1262 (D.C.Cir.1995), *cert. denied*, — U.S. —,

116 S.Ct. 1677, 134 L.Ed.2d 780 (1996) (holding that an attorney fact witness was not entitled to be paid his hourly billing rate and not unduly burdened by being compensated $40 per day plus mileage for an expected three day deposition).

■ Dr. Privitera claims that justice requires that this Court order TIAA to compensate Dr. Privitera at his normal billing rate for his time spent preparing for the deposition, the deposition itself, travel costs and attorney's fees. Dr. Privitera cites no authority to support this position, but instead insists that mandating the statutory fee would impose an undue financial burden on himself and similarly situated medical professionals. There can be no dispute that Dr. Privitera will suffer some inconvenience by being deposed. He will, however, suffer no more inconvenience than many other citizens called forward to be deposed or testify as a trial witness in a matter in which they have first hand factual knowledge. The party moving to quash a subpoena bears a heavy burden of proof. *Id.* at 1264. Dr. Privitera has failed to persuade this Court that he would be unduly burdened by not receiving his customary hourly fees in exchange for his testimony.

### CONCLUSION

For the foregoing reasons Dr. Privitera's motion to quash is denied. TIAA shall try and accommodate Dr. Privitera by scheduling his deposition at a time that is most convenient for him and will compensate him pursuant to 28 U.S.C. § 1831(b). Finally, Dr. Privitera's deposition shall be limited to no more than three hours.

**SO ORDERED.**

DATED: Rochester, New York

July 10, 1996