**Jeffrey SCHEINHOLTZ,**

v.

**BRIDGESTONE/FIRESTONE, INC., et al.**

**CIV. A. No. 98–6189.**

United States District Court, E.D. Pennsylvania, Philadelphia Division.

April 26, 1999.

Dale G. Larrimore, Deutsch, Larrimore & Farnish, P.C., Philadephia, PA, for plaintiff.

Michael J. Ranallo, Millisor & Nobil, Cleveland, OH, Nancy P. Horn, Daller, Greenberg and Dietrich, Fort Washington, PA, Richard A. Millisor, Millisor and Nobil, Cleveland, OH, Alison R. Rohmer, Daller, Greenberg & Dietrich, Fort Washington, PA, for defendants.

### ORDER–MEMORANDUM

LUDWIG, District Judge.

AND NOW, this 26th day of April, 1999, the deposition fees for each of plaintiff's treating physicians are set at $600 per hour, as acceded to by defendants. *See* def.'s br., at 3. Fed.R.Civ.P. 26(b)(4)(C).[1]

Under Fed.R.Civ.P. 26(b)(4)(C), "the court shall require the party seeking discovery pay the expert a reasonable fee." However, as to "an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit," the Advisory Committee's Comment states: "Such an expert should be treated as an ordinary witness." In recent years, following this dictate, four district courts have limited an expert witness's compensation—including three treating physicians—to the statutory per diem allowable for any subpoenaed witness, which is now $40. 28 U.S.C. § 1821. *See Fisher v. Ford Motor Co.,* 178 F.R.D. 195,

---

1. The amount allowed—$600 per hour for a treating physician's discovery deposition—should

not be considered to have precedential value.

198 (N.D.Oh.1998); *Baker v. Taco Bell Corp.,* 163 F.R.D. 348, 349 (D.Colo.1995); *Mangla v. University of Rochester,* 168 F.R.D. 137, 139 (W.D.N.Y.1996). *See also North Shore Concrete & Assoc. v. City of New York,* 1996 WL 391597 (E.D.N.Y.) (analogous non-medical expert).

Other districts, including ours, have awarded treating physicians higher amounts than the statutory diem, but the usual amount has been $250 per hour—and none was as high as $400 per hour. *See, e.g., Magee v. Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 646 (E.D.N.Y.1997); *Mathis v. NYNEX,* 165 F.R.D. 23, 26 (E.D.N.Y.1996); *U.S. Energy Corp. v. NUKEM, Inc.,* 163 F.R.D. 344, 346–47 (D.Colo.1995); *Dominguez v. Syntex Lab., Inc.,* 149 F.R.D. 166, 170 (S.D.Ind.1993); *Jochims v. Isuzu Motors, Ltd.,* 141 F.R.D. 493, 497 (S.D.Iowa 1992); *Goldwater v. Postmaster General of the U.S.,* 136 F.R.D. 337 (D.Conn.1991); *Sublette v. Glidden Co.,* 1998 WL 398156 (E.D.Pa. June 25, 1998). *See also* Mellowitz, James A., "Whatever the Market Will Bear: Fighting Exorbitant Expert Fees with Rule 26(b)(4)(C)(I)," 38 *Res Gestae* 15, 15 (Feb. 1995) ("outlandish fee demands by an opposing party's expert can and should be controlled"). The harmful and destructive effects on our adversary system of permitting treaters and similar experts to exact enormous witness fees should be obvious. *Id.*

Since defendants in this case agreed to an amount not in excess of $600 per hour, that figure will be reluctantly approved. *See Hose v. Chicago and North Western Transportation Co.,* 154 F.R.D. 222, 225–26, 227 n. 13 (S.D.Iowa 1994) (court would have reduced to $220 per hour but that the parties had agreed to $400—"the treating physician assumes the obligation borne by all citizens to give relevant testimony.") (citation omitted).

The requested deposition fees of plaintiff's experts in this case—$2,900 and $5,000—are rejected as patently unreasonable.