Frances L. COLEMAN & Howard
R. Coleman, Plaintiffs,

v.

Jerzy DYDULA & Alicija
Dydula, Defendants.

No. 96–CV–244C(H).

United States District Court,
W.D. New York.

Dec. 28, 1999.

### DECISION AND ORDER

HECKMAN, United States Magistrate
Judge.

On September 7, 1999, this court issued an order (Item 58) granting defendants' motion to preclude plaintiffs from introducing the testimony of vocational expert Herbert Weber because plaintiffs failed to comply with this court's previous decision and order, dated April 26, 1999 (Item 48), granting in part and denying in part defendants' prior motion to compel full and complete disclosure of expert witness information in accordance with Rule 26 of the Federal Rules of Civil Procedure. The court also granted defendants' request for an award of attorneys' fees and expenses incurred as a result of plaintiffs' breach of their duty to disclose the required information, and directed defendants to submit an affidavit of fees and expenses. In addition, on November 8, 1999, defendants filed another motion (Item 66) seeking an order directing that plaintiffs' treating physicians be compensated for deposition testimony at the statutory rate of $40 per day, rather than at their customary rates.

Oral argument of these matters was heard by the undersigned on November 18, 1999. For the following reasons, defendants are awarded $2730 in attorneys' fees incurred as a result of the motion to compel expert disclosure. Defendants' motion for an order directing that the treating physicians be compensated for their deposition testimony at the statutory rate is denied.

### A. Attorneys' Fees and Expenses.

On September 14, in accordance with the court's direction, defense counsel submitted an affidavit of attorneys' fees and expenses. Defense counsel contends that there is "ambiguity" in this court's September 7, 1999 order with respect to whether defendants are entitled to recoup attorneys' fees and ex-

penses associated with both motions to compel (Items 38 and 51), or just the subsequent motion which resulted in the September 7, 1999 order. Construing the "ambiguity" in defendants' favor, counsel seeks an award of $8,154.48 for fees and expenses incurred as a result of both motions. Plaintiffs' counsel has submitted an affidavit objecting to defense counsel's request for an award of fees and expenses incurred as a result of both motions, as well as the reasonableness of the amounts requested.

There is no ambiguity in the court's April 26, 1999 order. The court clearly stated that defendants were not entitled to an award of attorneys' fees and expenses associated with the prior motion to compel. The motion was only granted in part. The court also stated that, "should plaintiff[s] fail to comply *in toto* with this order, or should further motion practice by defendants be necessary to secure compliance with the Rules, the court will not hesitate to award further attorney's fees" (Item 48, p. 13). Therefore, the court will consider defense counsel's affidavit as it relates to the reasonableness of attorneys' fees incurred as a result of the second motion *only*.

According to the invoices attached to the affidavit, defense counsel spent 45.5 hours on the motion, charged at $100.00 per hour, for a total fee of $4,550.00 (*see* Item 59, Ex. 2).[1] Plaintiffs' counsel objects to this expenditure of time as excessive. Upon review of the invoices, I agree. For example, the motion seeks fees for 3.0 hours spent reviewing and preparing objections to plaintiffs' expert disclosures. This is a charge for legal work performed in the normal course of discovery, not as a result of the plaintiffs' failure to comply with the court's April 26, 1999 decision and order. In addition, approximately 30.4 hours were charged for preparation of the motion papers. This is clearly excessive. As reflected by the court's September 7, 1999 decision and order, the motion was granted

only in part, and it did not involve complex issues of law or fact. Therefore, I find that 15.2 hours (half the time invoiced) is a reasonable amount of time to be charged for preparation of the motion papers.

The remaining time charged in the invoices appears to be reasonably related to the motion necessitated by plaintiffs' failure to comply with the expert disclosure rules and prior court orders. Accordingly, defendants are entitled to an award of $2730 in attorneys' fees incurred as a result of the motion to compel ($4550 minus $1820). The award is chargeable to the plaintiffs and to their attorney, and shall be paid within 30 days of this order.

**B. Deposition Attendance Fee.**

 On October 25, 1999, a discovery conference was held with counsel at which the court gave defendants permission to depose two of Ms. Coleman's treating physicians, Dr. Joseph Buran and Dr. James Teter (*see* Items 68 and 65). The court ordered further briefing and argument on the issue of the rate at which these deposition witnesses should be compensated. Defendants contend that the treating physicians are only entitled to compensation at the statutory rate of $40.00 per day, plus mileage, pursuant to 28 U.S.C. § 1821(b).[2] Plaintiffs contend that the physicians are entitled to a "reasonable fee" under Fed.R.Civ.P. 26(b)(4)(C), which should be calculated based upon income lost as a result of being required to provide deposition testimony—approximately $2,500.00 (*see* Teter and Buran Affidavits, attached as Exs. C & D to Item 70).

Rule 26(b)(4) provides:

**(4) Trial Preparation: Experts.**

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall

---

1. There is no amount set forth in the affidavit for expenses associated with the second motion to compel.

2. 28 U.S.C. § 1821(b) provides:
 A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

not be conducted until after the report is provided.

**(B)** A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

**(C)** Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Fed.R.Civ.P. 26(b)(4).

Defendants contend that, because Drs. Teter and Buran were not designated by plaintiffs under Rule 26(a)(2)(A) as witnesses "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence ...," they are not entitled to a "reasonable fee" under Rule 26(a)(2)(C), but instead are "ordinary fact witnesses" entitled only to the statutory attendance fee.[3] Defendants rely on *Mangla v. University of Rochester*, 168 F.R.D. 137 (W.D.N.Y.1996) (Feldman, M.J.), to support this argument. In *Mangla*, the defendant subpoenaed the plaintiff's treating physician to be deposed about discrepancies in his diagnoses establishing conflicting onset dates for the plaintiff's claimed total disability. In ruling on the physician's motion to quash the subpoena, Judge Feldman held that the physician was entitled only to the statutory attendance fee of $40 per day, "[g]iven the nature of the underlying cause of action," *id.* at 139, and considering the witness's "fail[ure] to persuade [the] Court that he would be unduly burdened by not receiving his customary hourly fees in exchange for his testimony." *Id.* at 139 (citing *Irons v. Karceski*, 74 F.3d 1262 (D.C.Cir.1995), *cert. denied*, 517 U.S. 1189, 116 S.Ct. 1677, 134 L.Ed.2d 780 (1996) (holding that an attorney fact witness was not entitled to be paid his hourly billing rate and not unduly burdened by being compensated $40 per day plus mileage for an expected three day deposition)).

In reaching his conclusion in *Mangla* that the treating physician was not entitled to a "reasonable fee" under Rule 26(b)(4)(C), Judge Feldman relied in part on this court's holding in *Salas v. United States*, 165 F.R.D. 31 (W.D.N.Y.1995) (Heckman, M.J.). Although *Salas* did not address the precise question presented here and in *Mangla—i.e.*, whether the plaintiff's treating physicians are entitled only to the statutory witness fee for their attendance at a deposition noticed by the defendant—it provides some useful guidance. In *Salas*, five of the plaintiff's treating physicians were identified in pretrial disclosures as trial witnesses expected to offer their opinions as to causation and permanency of the plaintiff's injuries. The defendant objected to this testimony as beyond the scope of the physicians' care and treatment of the plaintiff and sought an order directing compliance with the extensive expert witness disclosure requirements of Rule 26(a)(2)(B).

---

**3.** On May 9, 1997, plaintiffs filed a document entitled "Expert Disclosure per Rule 26(a)(2)(A)" (Item 24), identifying 9 treating physicians (along with two hospitals, a physical therapy clinic and a physical therapist) as trial witnesses expected to testify as to their care and treatment of Plaintiff Frances L. Coleman, and to offer their opinions regarding the nature, extent and permanency of her injuries, and the causal relationship between the injuries and the March 17, 1993 accident. On December 17, 1998, plaintiffs filed a "Supplemental Expert Disclosure per Rule 26(a)(2)(A)" (Item 45), identifying six additional treating physicians and therapists (along with an expert economist and a vocational rehabilitation expert "specially employed" pursuant to Rule 26(a)(2)(B)). On November 15, 1999, in response to defendants' motion, plaintiffs submitted a further "Supplemental Expert Disclosure per Rule 26(a)(2)(A)" (Item 70, Ex. A), identifying Dr. Buran and Dr. Teter as additional treating physicians to testify at trial as to their care and treatment of Mrs. Coleman, and to offer their opinions regarding the nature, extent, permanency and cause of her injuries.

This court examined the language of Rule 26(a)(2), and reviewed the advisory notes and court opinions interpreting the rule. The court found that, to the extent a treating physician testifies only to the care and treatment of the plaintiff, the physician is not subject to the written report requirements of Rule 26(a)(2)(B), notwithstanding that the physician may also offer expert opinion testimony under Fed.R.Evid. 702, 703, or 705. *Salas, supra.* 165 F.R.D. at 33 (citing *Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan.1995)). In this regard, "questioning [the] physicians as to whether the injuries for which they treated the plaintiff can be causally related to the accident would appear to be within the scope of the patient's care and treatment." *Id.*

*Mangla* also relied on *Baker v. Taco Bell Corp.,* 163 F.R.D. 348 (D.Colo.1995), which did address the fee issue. In *Baker,* two of the plaintiff's treating physicians charged their hourly rate for attendance at depositions noticed by the defendant. The court stated:

> [Treating physicians] are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule 26(b)(4)(C).

*Id.* at 349. Consequently, the court found that while the parties could agree to compensate treating physicians for their testimony at a reasonable hourly rate, treating physicians testifying as fact witnesses are "not entitled, *as a matter of law,* to a fee other than the statutory fee" of $40. *Id.* at 352; *see also Haslett v. Texas Industries, Inc.,* 1999 WL 354227, at *2 (N.D.Tex. May 20, 1999) (in the absence of an agreement to a "reasonable rate" of compensation for attendance at deposition, treating physician is entitled to receive only the rate of compensation set out in § 1821(b)); *Fisher v. Ford Motor Co.,* 178 F.R.D. 195, 198 (N.D.Ohio 1998)

(citing *Baker* and *Mangla;* holding that subpoenaed treating physicians must appear for depositions at the statutory rate of compensation, and are not entitled to resist compliance with the subpoena on the basis that they are losing income).

Other district court decisions cited by the parties and researched by the court have allowed treating physicians to be compensated for their deposition testimony at higher rates than the statutory per diem, *see, e.g., Scheinholtz v. Bridgestone/Firestone, Inc.,* 187 F.R.D. 221, 222 (E.D.Pa.1999) ("reluctantly" approving agreed-upon fee of $600 per hour for treating physician's deposition); *Magee v. Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 645–46 (E.D.N.Y.1997) (finding $250 per hour to be reasonable fee for treating psychiatrist's deposition); *Slywka v. CMI–Equipment & Engineering, Inc.,* 1997 WL 129378 at *1 (M.D.Pa. March 14, 1997) (finding deposition rate of $300 per hour for treating physician designated as both fact witness and expert witness "generous, and ample to satisfy Rule 26(b)(4)(C)'s 'reasonable fee' requirement"); *Hose v. Chicago and North Western Transp. Co.,* 154 F.R.D. 222, 225–27 (S.D.Iowa 1994) (finding $400 per hour to be reasonable fee for treating neurologist's deposition).

Based on the virtual split of authority on the issue, and considering the reasoning adopted by the courts in the cases cited, I find it appropriate in this case to direct that defendants pay Dr. Teter and Dr. Buran a "reasonable fee" for their deposition testimony, pursuant to Rule 26(b)(4)(C). Although belated and subject to strenuous objection, plaintiffs have supplemented their expert disclosure, well before the April 10, 2000 discovery cutoff (*see* Item 65), to include these treating physicians as trial witnesses (along with the 15 treating physicians and therapists previously identified) expected to offer opinion testimony within the scope of Rule 26(a)(2)(A) and Fed.R.Evid. 702. As noted by the court in the *Haslett v. Texas Industries* case:

> Physicians provide invaluable services to the public and should be remunerated for their time when they cannot deliver medical care. They often have substantial

overhead costs that they incur whether they are creating a patient or testifying about one. Litigators and their clients typically obtain physician testimony by deposition rather than by imposing the additional burdens associated with attendance at trial. They also respect the need to compensate physician-witnesses to the extent necessary to cover their overhead costs and to pay them a fee commensurate with their professional standing and special expertise.

*Haslett v. Texas Industries, Inc., supra,* 1999 WL 354227, at *2; *see also Wreath v. United States, supra,* 161 F.R.D. at 450 (noting distinction in Rule 26(b)(4) between experts required to submit Rule 26(a)(2)(B) reports and other experts, such as treating physicians); *Salas v. United States, supra,* 165 F.R.D. at 33 (treating physician may offer testimony within the scope of Fed.R.Evid. 702 even though not subject to Rule 26(a)(2)(B) disclosure requirements).

█ In determining what constitutes a "reasonable fee" under Rule 26(b)(4)(C), federal district courts have considered such factors as (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *See Mathis v. NYNEX,* 165 F.R.D. 23, 24–25 (E.D.N.Y.1996); *U.S. Energy Corp. v. NUKEM, Inc.,* 163 F.R.D. 344, 345–46 (D.Colo.1995).

There is no evidence to suggest that Drs. Teter and Buran have any greater expertise, training or insight than their peers in the community, or that the nature of their expected testimony is particularly complex. Indeed, as suggested by their affidavits, both doctors "would have nothing factually to offer by way of testimony" beyond the information contained in their records, which have been disclosed to defendants (Item 70, Ex. C, ¶ 8; Ex. D, ¶ 9). In addition, defense counsel

submits that $200 per hour would be a reasonable fee for the deposition testimony of these witnesses, while the information submitted to the court suggests that defendants' medical experts would charge a minimum fee of $350 per hour for deposition testimony (*see, e.g.,* Item 73, Ex. A).

Based on this information, I find that $250 per hour is a reasonable fee for the deposition testimony of Dr. Teter and Dr. Buran. Accordingly, defendants' motion for an order directing compensation at the statutory rate is denied.

### CONCLUSION

Based on the foregoing, plaintiffs and their counsel are directed to pay to plaintiffs' counsel, within thirty days from the date of this decision and order, the amount of $2,730 representing attorneys' fees reasonably incurred as a result of defendants' motion to preclude expert testimony. Defendants' motion (**Item 66**) for an order directing compensation of treating physicians' deposition testimony at the statutory $40 *per diem* is denied.

**SO ORDERED.**