Cheri GRANT and Charles John Grant, Jr., Husband and Wife, and Crystal Dawn Grant, and Tiffany Louise Grant, both minors, by and through their Parents and Next Friends, Cheri Grant and Charles John Grant, Jr., Plaintiffs,

v.

OTIS ELEVATOR COMPANY, Defendant.

No. 00–CV–194–B(M).

United States District Court, N.D. Oklahoma.

Feb. 26, 2001.

Patrick Eugene Carr, Guy Allen Thiessen, Roberta Ann Robinson, Carr & Carr, Tulsa, OK, for plaintiffs.

Robert E. Manchester, Shannon K. Emmons, Stacey Haws Felkner, Manchester & Pignato, Oklahoma City, OK, for defendant.

Frederick Jay Hegenbart, Rosenstein Fist & Ringold, Tulsa, OK, for non-party subpoena recipient.

### *ORDER*

McCARTHY, United States Magistrate Judge.

This order resolves a number of discovery motions which have been referred to the undersigned United States Magistrate Judge for decision. The matters have been briefed and a hearing was conducted on February 22, 2001.

### Defendant Otis Elevator Company's Motion To Amend Witness List [Dkt. 72]

At the hearing, Defendant withdrew all aspects of this motion except for its request to formally add a hand-writing expert witness and its request to add Owasso Police Officer Mozingo as a witness. The Court previously allowed Defendant to add a hand-writing expert to its witness list. [Dkt. 69]. That order remains in effect. Defendant is permitted to formally add the name of its hand-writing expert to its witness list.

In granting permission to add a hand-writing expert, the Court considered the factors set forth in *Smith v. Ford Motor Company*, 626 F.2d 784, 797 (10th Cir.1980) and determined that the factors weighed in favor of allowing the addition to the witness list. The same analysis applies to Defendant's request to add Owasso Police Officer Mozingo. However, the result is not the same.

Defendant recently identified Officer Mozingo as an investigating officer at Plaintiff's August 1998 automobile accident. Defendant seeks to offer Officer Mozingo's testimony concerning his observations of the Plaintiff's condition at the time of the accident, for the purpose of attempting to counter Plaintiff's claims concerning her physical condition and capabilities. The explanation offered for the late identification of Officer Mozingo was that Defendant was pursuing other aspects of the case and only recently focused on identifying Officer Mozingo. However, Defendant notes that the August 1998 automobile accident is already an issue in the litigation and that medical records from the Plaintiff's treatment subsequent to that automobile accident will be in evidence. Plaintiffs assert that Defendant has not offered good cause for adding a witness at this late date in the proceedings. And, if Officer Mozingo is added as a witness, Plaintiffs will be required to investigate and potentially offer other witnesses who observed the August 1998 automobile accident.

The *Smith* factors weigh in favor of denying Defendant's motion to add Officer Mozingo to the witness list. Adding Officer Mozingo would disrupt the pretrial preparation of the case. At a minimum, Officer Mozingo would have to be deposed. Potentially, depositions of other accident witnesses would be required. This additional discovery would take time away from the other pretrial procedures, including the March 9, 2001, pretrial conference and preparation of the final pretrial order which is due March 26, 2001. Further, opening this area of inquiry would likely involve the Court in resolving additional related discovery disputes. Moreover, Defendant has not established good cause for the late request.

Based upon the April 16, 2001, jury trial setting and the fact that the case has been pending since August 1999 in state court and since March 2000 in this court, the Court finds that Defendant's Motion To Amend Its

Witness List to add Officer Mozingo should be DENIED.

**Plaintiff's Objection to and Motion to Quash Subpoenas Duces Tecum to Hillcrest Medical Center [Dkt. 77]; Hillcrest Medical Center's Objection to Subpoena [Dkt. 79]; Defendant's Combined Motion to Enforce Subpoena and Compel Production of Documents, Response to Objections and Motion To Quash Subpoena to Hillcrest Medical Center, and Application for Evidentiary Hearing [Dkt. 97]**

Plaintiff, Cheri Grant, was an employee of Hillcrest Medical Center (Hillcrest) at the time she claims to have received a shock from an elevator call button at Hillcrest. The subject elevator was used by Hillcrest staff to transport patients. When deposed by Defendant, another employee of Hillcrest, Beth Hamill, testified that the same elevator call button fell off in her hand while she was transporting a patient. She further testified that she determined the date when this occurred by reviewing the log of patients who had delivered babies at Hillcrest (delivery log) and the medical record of the patient she was transporting when the call button fell off in her hand.[1]

■ On January 16, 2001, after Beth Hamill's deposition, and after the January 11, 2001 discovery deadline, Defendant issued a Subpoena Duces Tecum to Hillcrest which specifically requested the delivery log and medical records concerning deliveries at Hillcrest for a three month period. Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline. *Rice v. U.S.*, 164 F.R.D. 556 (N.D.Okla.1995). The Court finds that the January 16, 2001 subpoena was improper discovery by Defendant and, therefore, does not serve as a basis for ordering Hillcrest to produce the documents.

At the hearing, Defendant contended that the documents should be produced pursuant to a November 1, 2000 Subpoena Duces Te-

cum to Hillcrest. That subpoena requested production of:

> Any and all documents, tangible things and/or writings relating or referring to Cheri Grant's claim that she received an electrical shock on November 21, 1997, at Hillcrest Medical Center, including but not limited to any accident or incident reports, correspondence and/or memoranda.

The Court finds that the November 1, 2000 subpoena cannot reasonably be construed to include the delivery log and patient medical records which Defendant now seeks in its Motion to Enforce Subpoena and Compel Production of Documents. [Dkt. 97].

Based on the foregoing, Plaintiff's Objection to and Motion to Quash Subpoenas Duces Tecum to Hillcrest Medical Center [Dkt. 77] is GRANTED; Hillcrest Medical Center's Objection to Subpoena [Dkt. 79] is GRANTED; Defendant's Combined Motion to Enforce Subpoena and Compel Production of Documents, Response to Objections and Motion To Quash Subpoena to Hillcrest Medical Center [Dkt. 97] is DENIED.

Additionally, Defendant's Application for Evidentiary Hearing [Dkt. 97] to inquire into the compliance by Hillcrest with discovery requests in this case is DENIED. Defendant has offered no basis for the Court to conclude that such an evidentiary hearing is necessary.

**Plaintiff's Motion to Direct Payment to Medical Providers [Dkt. 88]**

■ Plaintiffs request an order from the Court directing Defendant to pay, pursuant to Fed.R.Civ.P. 26(b)(4)(c), two medical care providers (treating physicians) a reasonable fee for the witnesses' time for depositions conducted by Defendant. Defendant responds that the two witnesses are not expert witnesses within Fed.R.Civ.P. 26 and, therefore, are only entitled to statutory witness fees pursuant to 28 U.S.C. § 1821. The parties acknowledge that there is a split of authority among the courts that have considered this question. See *Coleman v. Dydula,*

---

1. The documents reviewed by Beth Hamill have not been produced in this litigation. Whether Beth Hamill will be permitted to testify at trial concerning the date presents an issue for the trial court under Fed.R.Evid. 612.

190 F.R.D. 320 (W.D.N.Y.1999) (citation of cases on both sides of the issue.)

The cases holding that treating physicians are not entitled to a reasonable fee determine that a treating physician is a "fact" witness not an "expert" witness within 26(b)(4)(C). This view fails to recognize that almost all of a treating physician's testimony concerning diagnosis, treatment and prognosis, is expert testimony under Fed.R.Evid. 702. A treating physician would be a "fact" witness only in rare situations, such as where the physician also witnessed the accident or incident in question.

The cases denying a reasonable fee to treating physicians also rely on the following language from the notes to the 1970 amendment to Rule 26(b)(4):

It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

Rule 26(b)(4)(C) has been reworded since the 1970 notes were written. The rewording of the rule has rendered the 1970 note obsolete.

Prior to the 1993 amendments, Rule 26(b)(4) read:

(4) Trial preparation: Experts.

Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial may be obtained only as follows:

After the 1993 amendments Rule 26(b)(4) reads:

(4) Trial preparation: Experts.

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial.

Thus, before the 1993 amendments, Rule 26(b)(4) dealt with expert opinions that were "acquired or developed in anticipation of litigation or for trial." After the 1993 amend-

ments, Rule 26(b)(4) dealt with "an expert whose opinions may be presented at trial."

Rule 26(b)(4) (A) & (C) now provide:

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

\*     \*     \*     \*     \*     \*

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision;

Rule 26(b)(4)(A) identifies and distinguishes between two types of experts. One type of expert is a person whose opinions may be presented at trial but who is not required to submit a report under (a)(2)(B). This includes a treating physician testifying as to opinions formed based on treatment of the patient under Fed.R.Evid. 702. The second type of expert is one whose opinions may be presented at trial and who is required to present a report under (a)(2)(B) because he was retained or specially employed to provide expert testimony. Rule 26(b)(4)(C) directs the Court to require payment of a reasonable fee to experts for time spent in responding to discovery. The payment portion of the rule does not distinguish between the types of experts identified in 26(b)(4)(A). Therefore, the Court concludes that treating physicians who testify under Fed.R.Evid. 702 as to their diagnoses, treatment and prognoses are experts within the meaning of 26(b)(4)(C) and are entitled to a reasonable fee.

Based on the foregoing analysis, the Court GRANTS Plaintiffs' Motion to Direct Payment to Medical Providers. [Dkt. 88]. The parties shall consult and attempt to agree on a reasonable fee to be paid by Defendant to the two witnesses in question. If the parties are unable to reach agreement, Plaintiff shall submit an application requesting a specific fee with an affidavit or affidavits supporting the reasonableness of the fees requested. Plaintiff is cautioned that the witnesses may

not simply set a fee but must justify the fee in some principled manner such as in relation to the fee received for medical services. Defendant will have ten days thereafter to submit papers and affidavits in opposition.

### Defendant Otis Elevator Company's Motion to Compel Production of Surveillance Video Tapes [Dkt. 92]

 Defendant seeks to compel production of two video tapes of the Plaintiff which were taken by Hillcrest's Workers' Compensation Insurance carrier in connection with the defense of Plaintiff's Workers' Compensation Claim against Hillcrest. The video tapes are protected from discovery by Fed.R.Civ.P. 26(b)(3) as trial preparation materials prepared in anticipation of the Workers' Compensation litigation which do not disclose the mental impressions, conclusions, opinions or legal theories of an attorney. Under Fed. R.Civ.P. 26(b)(3), such materials are discoverable upon a showing of substantial need of the tapes and an inability to obtain the substantial equivalent by other means. The Court finds that Defendant has made such a showing. Therefore, Defendant's Motion to Compel Production of Surveillance Video Tapes [Dkt. 92] is GRANTED. Hillcrest Medical Center is hereby ORDERED to produce copies of the two video tapes to Defendant and to Plaintiffs.

By this order, the Court does not effectuate a waiver of Hillcrest's work product protection in this or any other matter.

### Plaintiff's Motion to Compel Defendant to Produce Video Surveillance Tape [Dkt. 105]

At the hearing Defendant stated that if the Court granted Defendant's motion to compel production of Hillcrest's video surveillance tapes, it would not oppose this motion. Based on that representation, the Court hereby GRANTS Plaintiff's Motion to Compel Defendant to Produce Video Surveillance Tape. [Dkt. 105].

### Conclusion

Defendant's Motion To Amend Its Witness List [Dkt. 72] is GRANTED as to the handwriting expert and DENIED as to Officer Mozingo. Plaintiff's Objection to and Motion to Quash Subpoenas Duces Tecum to Hillcrest Medical Center [Dkt. 77] is GRANTED. Hillcrest Medical Center's Objection to Subpoena [Dkt. 79] Is GRANTED. Defendant's Combined Motion to Enforce Subpoena and Compel Production of Documents, Response to Objections and Motion To Quash Subpoena to Hillcrest Medical Center and Application for Evidentiary Hearing [Dkt. 97] is DENIED. Plaintiff's Motion to Direct Payment to Medical Providers [Dkt. 88] is GRANTED. Defendant's Motion to Compel Production of Surveillance Video Tapes [Dkt. 92] is GRANTED. Plaintiff's Motion to Compel Defendant to Produce Video Surveillance Tape [Dkt. 105] is GRANTED.