**Wendy J. MOCK, Plaintiff,**

v.

**Hansford T. JOHNSON, in his capacity as the Acting Secretary of the Navy, Defendant.**

**No. CV02–00047SOM–BMK.**

United States District Court,
D. Hawai'i.

Nov. 10, 2003.

Jerry P.S. Chang, Law Offices of Clayton Ikei, Honolulu, HI, for Plaintiff.

Harry Yee, Office of the U.S. Attorney, Honolulu, HI, for Defendant.

*ORDER GRANTING IN PART AND DE-NYING IN PART PLAINTIFF'S MO-TION FOR PROTECTIVE ORDER REGARDING THE ORAL DEPOSI-TION OF DR. NEEDELS*

KURREN, United States Magistrate Judge.

The court heard Plaintiff's Motion on October 17, 2003. Jerry P.S. Chang, Esq., appeared on behalf of Plaintiff Wendy J. Mock ("Plaintiff"); Assistant United States Attorney Harry Yee appeared on behalf of Defendant, the United States.

The critical issue before the court is whether Terri Needels, Ph.D. ("Dr. Needels"), Plaintiff's treating psychologist, should be compensated, pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, as an expert witness, and, therefore, entitled to a reasonable fee for her deposition, or whether Dr. Needels should be treated as a fact witness, and, therefore, entitled only to the $40 witness attendance fee, pursuant to 28 U.S.C. § 1821. After carefully considering this matter, the court finds that Dr. Needels is an expert witness, and she is entitled to a reasonable fee for the time she is required to spend for a deposition. Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

In this action Plaintiff alleges that her employer, the Department of the Navy, subjected her to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964. The United States originally scheduled Dr. Needels' deposition for September 26, 2003. However, on September 24, 2003, the United States advised Plaintiff that it needed to reschedule Dr. Needels' deposition. The United States also notified Plaintiff that it would pay Dr. Needels her billing rate of $135 per hour for her two-hour deposition, but that it would not pay her to prepare for the deposition, as requested by Dr. Needels. In opposition to Plaintiff's Motion, the United States now takes the position that Dr. Needels is entitled only to the statutory witness attendance fee of $40.

## DISCUSSION

### I. *Fee Rate*

Pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, a party must pay an expert a reasonable fee for responding to discovery. Rule 26(b)(4)(C) provides in relevant part:

Unless manifest injustice would result, (i) the court shall require that the party seeking discovery *pay the expert a reasonable fee* for time spent in responding to discovery under this subdivision . . . .

(emphasis added).

The United States argues that Dr. Needels is only entitled to the statutory witness fee of $40 per day because she is not an expert witness for Plaintiff, but is rather "being deposed and called as [a] factual witness, Plaintiff's treating psychologist." Opposition at 2. The United States explains, "neither Plaintiff nor Dr. Needels have not [sic] asserted that she is providing testimony as an expert within the meaning of Rule 26(b)(4)(C) . . .," and that it "has not received the required designation and disclosure under FRCP 26(a)(2) to indicate that Dr. Needels is providing expert testimony at deposition and trial . . . ." *Id.* at 5. Instead, the United States argues that Dr. Needels "is being called and will testify regarding her treatment and observations of the Plaintiff like any other factual witness." *Id.*

Plaintiff maintains that Dr. Needels was identified in her Initial Disclosures as her expert treating psychologist, and that plaintiff's failure to submit to the United States a written report, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, does not preclude Dr. Needels from testifying as an expert for plaintiff, so long as Dr. Needels' testimony is limited to "the cause of any medical condition presented in [Plaintiff], the diagnosis, the prognosis and the extent of the disability, if any, caused by the condition or injury." *Shapardon v. West Beach Estates,* 172 F.R.D. 415, 416 (D.Haw.1997). Plaintiff argues that since Dr. Needels will testify as an expert, she is entitled, pursuant to Rule 26(b)(4)(C), to her billing rate of $135 per hour for her time in preparing for and submitting to a deposition.

Courts that have examined this issue are essentially split in their conclusions. Generally, those courts that have concluded that a treating physician *is* entitled to her usual billing rate recognize that physicians have

specialized knowledge and should be compensated accordingly. *See Coleman v. Dydula,* 190 F.R.D. 320, 323–24 (W.D.N.Y.1999); *Bovey v. Mitsubishi Motor Manufacturing of Am., Inc.,* No. 00–1402, 2002 WL 820670, *——, 2002 U.S. Dist. LEXIS 5701, *6–7 (C.D.Ill. Apr. 3, 2002); *Haslett v. Texas Industries, Inc.,* No. 397–CV–2901D, 1999 WL 354227, at *2 (N.D.Tex. May 20, 1999). These courts also recognize that physicians provide "invaluable services to the public" and "often have substantial overhead costs." *Coleman,* 190 F.R.D. at 323–24; *Bovey,* 2002 WL 820670 at *——, 2002 U.S. Dist. LEXIS 5701 at *7; *Haslett,* 1999 WL 354227 at *2. Additionally, the *Bovey* court observed that "Rule 26 clearly distinguishes between retained experts, who have been hired solely for the purposes of providing expert opinions for trial and are required to submit an expert report[ ], and other experts, such as treating physicians, who are not required to submit formal reports." *Bovey,* 2002 WL 820670 at *——, 2002 U.S. Dist. LEXIS 5701 at *7. Plaintiff argues that, pursuant to these cases, Dr. Needels should be compensated at her hourly rate of $135 per hour because she "timely disclosed Dr. Needels as her expert treating psychologist." Memo in Support at 6.

On the other hand, those courts that have concluded that a treating physician is *not* entitled to her usual billing rate generally find that the "invaluable services" they provide to society and the income they lose when testifying are insufficient reasons to award them more than the statutory per diem. *See Fisher v. Ford Motor Co.,* 178 F.R.D. 195, 197–98 (N.D.Ohio 1998); *Mangla v. Univ. of Rochester,* 168 F.R.D. 137, 139–40 (W.D.N.Y. 1996); *Baker v. Taco Bell Corp.,* 163 F.R.D. 348, 350 (D.Colo.1995); *Demar v. United States,* 199 F.R.D. 617, 619–20 (N.D.Ill.2001). These courts recognize that, "despite the doctor's claims that the deposition would result in an undue financial burden, he would 'suffer no more inconvenience than many other citizens called forward to be deposed or testify as a trial witness in a matter in which they have first hand factual knowledge.'"

*Fisher,* 178 F.R.D. at 197–98 (quoting *Mangla,* 168 F.R.D. at 140).

■ Upon weighing the policies set forth in the cases cited above, the court adopts the reasoning set forth in cases like *Coleman.* The court finds especially persuasive the fact that medical professionals, including psychologists, are specially trained in their field. As opposed to the observations that ordinary fact witnesses provide, the observations and *opinions* that medical professionals provide derive from their highly specialized training. Accordingly, the court concludes that these individuals should be remunerated for the time they spend providing testimony concerning their treatment of a patient. This testimony is clearly "expert testimony" within the meaning of Rule 702 of the Federal Rules of Evidence because these medical professionals are being asked as experts in their field about "scientific, technical, or other specialized knowledge" that will "assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R.Evid. 702. Accordingly, the United States must pay Dr. Needels "a reasonable fee" of $135 per hour for her deposition testimony, as she will be providing opinions that derive from her highly specialized knowledge in the field of psychology.

## II. *Preparation Time*

Plaintiff also argues that Dr. Needels should be paid for the two hours she claims is necessary to prepare for the deposition. Memo in Support at 5–7. In support of her argument, Plaintiff primarily relies upon *Hose v. Chicago & North Western Transp. Co.,* 154 F.R.D. 222, 228 (S.D.Iowa 1994), in which the court found that "compensating Dr. Golnick for his time spent reviewing Plaintiff's medical records speeds the deposition process along, thereby saving on costs." The court there explained that it would be inefficient for Dr. Golnick to refresh his memory during the deposition, as counsel would have to idly wait while he reviewed his papers in their presence. *Id.*

Plaintiff also cites *Magee v. Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 647 (E.D.N.Y.

1997), in which the court concluded that "Rule 26(b)(4)(C) encompasses a reasonable fee for time spent by an expert preparing for deposition, but not for the time the expert spent preparing the attorney who retained him." Pursuant to these cases, Plaintiff argues that the United States "is also required to pay Dr. Needels for the two hours she will need in reviewing Plaintiff's records in order to be prepared for her deposition, at her $135 hour rate . . . ." Memo in Support at 7.

■ The court agrees, in part, as Dr. Needels seeks compensation only for her time spent reviewing Plaintiff's records, and does not seek compensation for any time spent in conference with Plaintiff's counsel. *See* Declaration of Jerry P.S. Chang, filed Oct. 16, 2003, ¶ 3. The court finds that paying Dr. Needels to review Plaintiff's records, which consists of 200 pages of documents, will expedite the deposition process, and will save all parties the expense associated with an unnecessarily lengthy deposition. *See Hose,* 154 F.R.D. at 228. The court, however, finds it unreasonable for Dr. Needels to spend *two* hours to prepare for a two-hour deposition. The court therefore orders the United States to pay Dr. Needels $135 per hour, for up to *one* hour, to prepare for her deposition.

### CONCLUSION

For the reasons stated above, the court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Protective Order Regarding the Oral Deposition of Terri Needels, Ph.D. The court therefore orders the United States to pay Dr. Needels at the rate of $135 per hour for (1) the time she actually spends at the deposition, and (2) the time necessary for her to prepare for the deposition, not to exceed one hour.

IT IS SO ORDERED.