**James PATTERSON, Plaintiff,**

v.

**AVIS RENT A CAR SYSTEMS, INC., et al., Defendants.**

**No. 12–CV–08146 (JPO)(SN).**

United States District Court, S.D. New York.

Signed July 7, 2014.

---

Andrew Warren Bokar, Greenstein & Milbauer, LLP, New York, NY, for Plaintiff.

Michael V. Sclafani, Reardon & Sclafani, P.C., Tarrytown, NY, for Defendants.

### *ORDER*

SARAH NETBURN, United States Magistrate Judge:

The parties filed letters on June 27, 2014 seeking a promotion conference or, in the alternative, the Court's guidance on whether the defendant should be required to pay plaintiff's expert for his time at deposition under the fact witness rate, 28 U.S.C. § 1821, or his "reasonable fee," pursuant to Federal Rule of Civil Procedure 26(b)(4)(E). In response to the Court's Order, on July 3, 2014, the plaintiff submitted a copy of the Rule 26 expert report and a statement of the expert's compensation rate.

Briefly, compensation for the testimony of a fact witness is governed by 28 U.S.C. § 1821, which provides for a $40 per day fee for each day's attendance. By contrast, expert witnesses designated under Rule 26 are entitled to a "reasonable fee for time spent in responding to discovery"

paid by the party seeking the discovery, "[u]nless manifest in injustice would result." Fed.R.Civ.P. 26(b)(4)(E). The rule requiring the party seeking the discovery to pay a higher fee to depose an expert witness is intended to avoid the unfairness of letting one party have what the other party has paid for. 8A Wright & Miller, Fed. Prac. and Proc. § 2034. *See also Goldwater v. Postmaster Gen.,* 136 F.R.D. 337, 339 (D.Conn.1991). There are diverging cases as to whether a treating physician not designated as an expert witness under Rule 26(a)(2) is entitled to be compensated under the statutory rate or the "reasonable fee" rate. *Compare Jorden v. Steven J. Glass, MD,* 09 Civ. 1715(JHR)(JS), 2010 WL 3023347 (D.N.J. July 23, 2010) (treating physician not designated as expert is entitled to only statutory fee) (citing cases), *with Coleman v. Dydula,* 190 F.R.D. 320, 323 (W.D.N.Y. 1999) (treating physician not designated as expert is entitled to reasonable fee) (citing cases). Here, however, this question is not presented because the plaintiff has offered his treating physician as an expert witness.

The plaintiff has designated Dr. Andrew Merola, his treating physician, as an expert witness. Defendants argue that, notwithstanding plaintiff's designation, Dr. Merola is plaintiff's treating physician and should be compensated pursuant to the statutory fact witness regime.

Defendants' argument reduces to a contention that a treating physician can never qualify as an expert witness under the rules. For support, they rely on *DeRienzo v. Metropolitan Transit Authority and Metro–North Rail Rd.,* 01 Civ. 8138(CBM), 2004 WL 67479, at *1–2 (S.D.N.Y. Jan. 15, 2004), which held only that treating physicians who did not comply with Rule 26 reporting requirements are not experts entitled to a "reasonable fee" for their time responding to discovery. The plaintiff,

however, has complied with his obligations under Rule 26(a) by identifying Dr. Merola as an expert and providing his written report pursuant to Rule 26(a)(2)(B). Consistent with Dr. Merola's expert designation, the plaintiff has compensated him $1,200 for the preparation of his report. There is no rule that prevents the plaintiff from designating a treating physician as an expert; and doing so may allow Dr. Merola to provide more expansive testimony than might otherwise be permissible had he been offered merely as a fact witness.

Accordingly, the defendants must compensate Dr. Merola his reasonable fee for time spent responding to discovery under Rule 26(b)(4)(A).

**SO ORDERED.**